May it please the Court, my name is Jonathan Edwards, appearing on behalf of the Appellant. The question presented in this case is whether California has created a federally protected liberty interest in the earning of conduct credits under Penal Code section 2933. Well, we get there, to that merits argument. Just correct me if I'm wrong, but as I understand the record here, this habeas petition was summarily dismissed by the district court under Rule 4, and the district court never called for a response from the State Attorney General. That is correct. The district court summarily dismissed the petition. But they also issued a certificate of appealability at the same time as dismissing it, right? Yes. They issued on their own motion. And I had always assumed that when you invoke Rule 4 in this manner, that when you look at it, if you take a look at the petition, it shows on its face that that issue is correct. Is that right? Yes, I do believe that there's a little bit of an inopposite, that the standard for issuing a show cause and the standard for issuing a certificate of appealability, that generally you can't meet one and not meet the other. Let's just assume that this petition does not meet the standard for summary reversal. Shouldn't we just send this back to the district court and tell them, this was an improper dismissal under Rule 4 and call for a response? Most likely, yes, Your Honor. Because we haven't heard from the State on these claims. Yes. I guess it strikes us as unusual that they granted it to the COA in the context of this type of proceeding. It seems to me somewhat, you know, unethical in the way this is processed. Let me ask you this question. You had a determination that this was procedurally preformed, I think, by the State, about the writing. Yes. The State said that there was a right. Do you think we can maybe address that issue as to whether or not there's a procedural I think you cite correctly Inouye Mitchell, the grounds that that was clearly erroneous on the State and that this is not procedurally dynamic. I'm just curious. You're sort of using this as a stalking possibility since you have no opposition. But I'm just curious to hear your reaction to that. Yes, Your Honor. The State did find that the dismissed the petition summarily, again, citing that there doesn't need to be any exhaustion. That's clearly an incorrect determination of State law by the Superior Court, I suspect, right? Yes. Yes. The Superior Court found that in disregarding both Inouye Mitchell and then also the rule for Right. So one of the options, I guess, would be to, if we were to go this direction, to pass upon the issue of whether there has been procedural preformed and send it back deal with the amendments to the statute. What, 2933, is it, as to whether or not a liberty interest is inculcated as a result of the amendment? Yes. 2933 regarding the earning of the conduct credits. Do you think we should pass on the liberty interest now without any opposition or hearing from the State? Do you think we can do that or should do that? I believe that the Court could make a determination that there is a protected liberty interest just based on the California penal codes that establish the credit system clearly meets the standard under the Supreme Court cases. The new statute is kind of confusing. It has a lot of language which doesn't seem consistent with the concept of the Right as compared to the privilege. But yet it seems to me that there's nothing here to really think about in terms of whether or not this is an absolute Right as a result of the amendment to the statute. What are the senses of that? Well, I believe that even though the Penal Code 2933, subsection C, does state that it is a privilege and not a Right, the credit system is designed to eliminate any official discretion as far as who is eligible to receive credits and what credit ratio they will receive, which, because there's no official discretion, there has to be a very particular liberty interest. Otherwise ---- Well, that's my sense, but I guess the question is whether we should let the district court have a shot at that after we get a response from the State beyond the remand and start to think about what is the process. Because I do agree that it looks like the amendment does create an opportunity for the interest to be established. Why is that? Yeah. Yes. I agree, Your Honor, that it would have been probably better for this Court if the State had been involved at the district court decision and the issue had been a rule about merits before coming to your court. However ---- How do you think the ---- it should be processed in terms of the other issue as to whether he would be appointed for this very reason of being a conspirator under the violent statute, you know, dynamics which would preclude him from getting a fee? How should that be processed? Well, Your Honor, because the State law precludes the application of the violent offender's status under appeal, quote, 2933.1, for persons whose qualifying felony was committed through conspiracy. And in this case, the Sixth District appeal or the California Courts of Appeal found that, in reviewing the direct appeal, that the Petitioner in this case was convicted of burglary based upon ---- I understand the merits, but the question is on remand. If we want to remand to the district court, how should the district court deal with that? Can it decide that issue, or does it just decide that this is a liberty interest and send it back to administrative review to see whether or not it's a violation of a person's liberty interest by reason of that statute? I believe that the district court could first make a determination, as you said, as to whether or not there is a protected liberty interest involved in order to ---- That the district court could do. And then could make a determination as to whether that interest was violated. Maybe, yes or no. Maybe that would have to go back to the hearing, you know, what is your liberty interest, the right to be heard on a certain part. I'm just trying to figure out how that plays out. I don't think that the district court would be required to mandate an administrative hearing at the State level before making a determination as to whether the liberty interest, assuming it finds one, is violated. So on that question of whether or not the amended statute creates a liberty interest, is there any case law that supports ---- your position is that it does, obviously, but is there any case law that supports that position? I believe the standard is laid out by the Supreme Court in Meacham v. Fano and then Olin v. Wakanakona, which describe that all inmates must show is a particular standardized standards or criteria guide the State's decision-makers, which, based on the premises that is established in 2933 and then the subsequent sections regarding who's eligible or ineligible, clearly has created substantive restrictions on the CDCR's application of credits versus the other candidates. What about the statutory and case laws cited by the advocates and magistrates, right, that there is no liberty interest created? Yes. The magistrate just believed that, citing another district court case, that there just is no liberty interest in earning conduct credits under 2933. That was before the statute was amended. You're talking about in this case. That was the magistrate judge's ruling in this case? Yes. In this case, right. And that's what the district court adopted, right? Yes. So my question is, what authority do you have to counter that? Well, as ---- It's just a general, you know, Supreme Court law that says I think nothing more than is possible for a State scheme to create a liberty interest, you know. I guess there's a certain amount, right? Yes. What does that amount to? Because of the way this created the penal code credit system, it does create the liberty interest. But also the district court cited to Brodheim v. Golan to support its decision. But in that case, this Court found that because the inmate was ineligible to receive credits because of a murder conviction, that there was no due process in him continuing to receive the credits. So it's factually distinguishable from ---- Just so we're clear here, we're dealing with the first statute and then the amended statute. It happened subsequent to the decision by the district court, correct? Yes. And you're taking the position that even under the prior statute there's a liberty interest. I think that's a great question. Yes. But your position would be different if you hadn't fronted through the amended statute. It seems to now create an absolute variety of legal language that's going to frustrate the district court. Yes. They're ---- You're not arguing that there should be retroactive effect to the amended statute so that the whole period of his frustration is covered, just, you know, going forward, I suspect, right? Yes. Because you have a different position. Yes. Because the system, the credit system, has always been placing substantive limits on official discretion in a way, such a way that, you know, the CCR couldn't assign random ratio numbers to any inmate as they walked in the door, sort of pulling a number out of a hat. But the bottom line is that there is no case law that construes the amended statute that concludes either way, whether or not it creates a liberty interest. No, I believe the district courts have continued to summarily dismiss these issues saying that there is no ---- Even after the amendment? I just have the current case, which is also cited, cited to other district courts opinions. But there's no post-amendment case that I ---- I don't believe so. Well, it doesn't seem like a particularly suitable case for someone to dismiss it. No, I didn't believe so. Okay. Thank you. Thank you. Thank you. Thank you for ---- That matter is submitted.
judges: Block, Tashima, Paez